GEORGE B. BRIGHAM *vs.* NATHANIEL R. PACKARD.

Plymouth. October 20, 1874. AMES & MORTON, JJ., absent.

Evidence that upon the death of an arbitrator duly appointed by rule of court an entry was made upon the docket of the court of the appointment of another arbitrator, before whom the parties appeared and tried their case without objecting to his authority, is sufficient to warrant a finding as matter of fact that the parties originally assented to the appointment of the arbitrator.

MOTION to accept an award made by William H. Whitman, as arbitrator. The plaintiff objected to the acceptance upon the ground that the appointment of Whitman was invalid. At the hearing in the Superior Court, before *Brigham*, C. J., the following facts appeared:

At June term, 1872, C. I. Reed was appointed arbitrator; his death was suggested at February term, 1874, and thereupon this entry was made upon the docket by the clerk: " Referred to William H. Whitman." The counsel of record for the plaintiff had notice January 12, 1874, from the counsel of the defendant that Whitman had been appointed arbitrator at October term, 1873. At February term, 1874, Winfield S. Slocum, (whose name did not appear on record as attorney in the case,) the professional partner and son of the counsel of record of the plaintiff, went to Plymouth, and saw and agreed to the above entry made on the docket, and made no objection to the appointment, but at

the hearing on this motion, testified that he was sent to Plymouth by his father, (who supposed the appointment of Whitman had been made at the previous October term,) to ascertain how the appointment was made, and to see the papers in the case, but without express authority or direction to object to the appointment, or to agree to it. Neither of the counsel of record of the plaintiff appeared in person at said February term, 1874, and no express written agreement to refer was in evidence at the hearing.

Before the rule was issued to Whitman, the counsel of the respective parties had some correspondence in relation to the time of hearing, and attended and conducted the hearing before Whitman. No objection was made by the counsel of the plaintiff to Whitman's appointment, nor was any objection made to the same at or before said hearing, or until his award was made and returned into court.

The judge ordered the acceptance of the award, and the plaintiff alleged exceptions.

*W. F. Slocum & A. G. Biscoe,* for the plaintiff.

*J. White & W. H. Osborne,* for the defendant, were not called upon.

BY THE COURT. The evidence reported was sufficient to warrant the court below in finding as matter of fact that the parties originally consented to the appointment of the arbitrator.

*Exceptions overruled.*